UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 06-21-SS-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MARTY LANDON SMITH, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the letter addressed to the Clerk of the Court from Defendant Marty Smith which has been construed and filed as a motion requesting a copy of the defendant's sentencing transcript. [Record No. 177] A review of the record indicates that Defendant Smith was sentenced on March 12, 2007, to a term of imprisonment of 240 months, to be followed by a term of supervised release of ten years. [Record No. 157] The defendant did not file a direct appeal of his sentence with the United States Court of Appeals for the Sixth Circuit. Likewise, he did not file a collateral attack regarding the sentence imposed by the Court. Further, a transcript of the sentencing hearing held on March 12, 2007, has not been filed in the record of this proceeding.[1]

---

[1]  On January 17, 2012, co-Defendant Patrick Willard filed a similar motion seeking a copy of his sentencing transcript. [Record No. 174] That motion was denied by separate Order, but for similar reasons that the present motion is being denied. [Record No. 175]

Under 28 U.S.C. § 753(f) and 28 U.S.C. § 2250, the government has a responsibility to provide transcripts and other court documents to inmates under certain circumstances. *See United States v. Gains*, 1992 WL 38157, at *1 (E.D. Pa. Feb. 20, 1992). For example, under § 753(f), the government must furnish transcripts to a prisoner with a pending habeas petition pending if: (1) the prisoner has authorization to proceed *in forma pauperis*; (2) the court finds that the § 2255 action is non-frivolous, and (3) the court need the transcripts to rule on a contested issue. *See* 28 U.S.C. § 753(f). Additionally, § 2250 provides that:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

28 U.S.C. § 2250.

Smith's motion fails under both sections. To invoke either § 2250 or § 753(f), Smith must have a motion for relief *pending*. *See United States v. Cononor*, 904 F.2d 535, 536 (9th Cir. 1990); *Walker v. United States*, 424 F.2d 278, 278-79 (5th Cir. 1970); *United States v. Agbomire*, 239 F.App'x 929, 929-30 (5th Cir. 2007); *United States v. Lewis*, 1994 WL 563442, at *1-2 (10th Cir. Oct. 14, 1994); *Corrigan v. Thomas*, 55 F.App'x 754, 756 (6th Cir. 2003) ("Finally, federal prisons are not entitled to obtain a transcript . . . at government expense under [§753(f)] for the purpose of preparing a motion to vacate where there was not motion to vacate sentence pending.") (citing *Ketcherside v. United States*, 317 F.2d 807, 808 (6th Cir. 1963). Because there is no action pending at this time concerning Defendant Smith, the posture of this case precludes the application of § 2250 or § 753(f).


In addition, even if a motion for a sentence reduction were pending, Smith would be required to make a "showing of need." *See United States v. Nelson*, 1991 WL 59411, at *1 (10th Cir. April 16, 1991); *see also Irby v. Swenson*, 361 F. Supp. 167, 167 (D.C. Mo. 1973); *Wiggins v. United States*, 1005 WL 1362234, at *2 (S.D. Miss. June 3, 2005); *Althouse v. Cockrell*, 2004 WL 377049, at *2 (N.D. Tex. Feb. 13, 2004). Here, no such showing has been demonstrated. Accordingly, it is hereby

**ORDERED** that Defendant Marty Smith's *pro se* motion for a copy of his sentencing transcript [Record No. 177] is **DENIED**.

This 12th day of June, 2012.



Signed By:
*Danny C. Reeves* DCR
United States District Judge