UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 6: 06-021-DCR-1 |
| V. | ) ) | |
| MARTY LANDON SMITH, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Defendant Smith pleaded guilty in 2006 to conspiring to distribute more than 50 grams of crack cocaine. [Record No. 116] He was sentenced in March 2007 to a 240-month term of imprisonment, to be followed by a ten years' of supervised release. [Record No. 157] Smith now seeks review of his case under the First Step Act of 2018 ("2018 Act"). [Record No. 190] The United States filed a response to the motion, indicating that Smith is eligible for a sentence reduction under the 2018 Act. [Record No. 191] However, the government's response was not particularly helpful in resolving the issue presented. The Court also provided Defendant Smith with an opportunity to submit additional materials in support of his request for a sentence reduction. [Record No. 189] Having reviewed the defendant's additional materials [Record No. 193], the Court has determined that a sentence reduction is not appropriate and will deny the relief sought.

**I.**

It is necessary to review the details of Smith's conviction and sentence to determine whether he is eligible for a sentence reduction and, if so, whether a reduction is appropriate.

Smith pleaded guilty to count one of the second superseding indictment, which charged that he and others conspired to distribute, and possessed with the intent to distribute, fifty grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1) and § 846. There was no written plea agreement in Smith's case, but the Presentence Investigation Report ("PSR") summarized the defendant's conduct as follows:

> Marty Landon Smith, as a result of his actions in the instant offense, is held accountable for [] conspiring to possess with the intent to distribute and the distribution of 98.807 grams of cocaine (crack) base after having previously been convicted of one prior drug felony offense. The defendant's actions in the instant offense began in or about March 2005 and continued through on or about January 4, 2006. Smith would contribute money to help purchase the crack cocaine and would share in the profits after the crack cocaine was sold. Smith would also wire transfer the money from co-conspirators and give the money to their crack cocaine sources in Chicago and would assist in the transportation and distribution of the crack cocaine. Smith is considered to have an aggravating role in the conspiracy as he directed Daryl Tyrone Atkinson to wire drug proceeds to various individuals in Chicago. Smith also directed Atkinson to purchase vehicles in his name with money provided to him (Atkinson) by [Patrick] Willard or Smith. Smith, along with Willard, had the contacts and/or resources to obtain crack cocaine in Chicago and arrange for, or transport themselves, to Kentucky. When in Kentucky, Smith and Willard utilized Atkinson as a distributor of cocaine. Smith and Willard claimed rights to a larger share of the fruits of the criminal activities. Information is contradictory as to whether [Octavia] Tolliver concealed money and drugs on her person at Smith's request. The conspiracy involved five or more participants.

The 2006 version of the United States Sentencing Guidelines Manual was used to determine the guideline range for imprisonment in Smith's case. Smith was assigned a base offense level of 32 according to the amount of crack cocaine attributed to him. *See* U.S.S.G. § 2D1.1 (2006). He then received a three-level increase based on his role as a manager or supervisor. However, he also received a three-level reduction based on his acceptance of responsibility. *See* U.S.S.G. §§ 3B1.1, 3E1.1 (2006). Accordingly, his total offense level was 32.

Smith was determined to have seven criminal history points, resulting in a criminal history category of IV. His total offense level and criminal history produced a guideline range for imprisonment of 168 to 210 months. However, because Smith committed the instant offense after a prior conviction for a felony drug offense, he was subject to a mandatory minimum sentence of 20 years' imprisonment. *See* 21 U.S.C. §§ 841(b)(1)(A) (version effective July 27, 2006 to April 14, 2009) and 851. Under the United States Sentencing Guidelines, if a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily-required minimum sentence becomes the guideline range for incarceration. U.S.S.G. § 5G1.1. Accordingly, the guideline sentence was 20 years' imprisonment in Smith's case, and the Court initially was statutorily required to impose it, at a minimum. But that is not the end of the analysis.

**II.**

District courts have limited authority to modify sentences once they have been imposed. However, a sentence may be modified "to the extent . . . expressly permitted by statute . . ." and "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c).

The Sentencing Commission promulgated Amendment 706 on November 1, 2007. The Amendment's effect was to provide a two-level reduction in base offense levels for crack cocaine offenses. The Sentencing Commission made Amendment 706 retroactively applicable on March 3, 2008. *See* Amendment 713. That same day, this Court issued an Order indicating that Smith was not eligible for a sentence reduction pursuant to Amendment 706. [Record No. 169] As explained in the previous Order, 18 U.S.C. § 3582(c)(2) allows the Court to reduce a

term of imprisonment when a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered. However, Smith's sentence was based on a statutory mandatory minimum, so he was not eligible for relief.

The Fair Sentencing Act of 2010 ("FSA") was enacted to "restore fairness to Federal cocaine sentencing" and to reduce disparities among defendants convicted of crimes involving cocaine base and power cocaine. Pub. L. No. 111-220, 124 Stat, 2372 (Aug. 3, 2010). The Act amended 21 U.S.C. § 841 by increasing the amount of cocaine base required to trigger mandatory minimum sentences. Prior to enactment of the FSA, violations involving 50 grams or more of a mixture or substance containing cocaine base resulted in a mandatory minimum sentence of 10 years, or 20 years if the offense took place following another felony drug conviction. But following the FSA's enactment, 280 grams or more of a mixture or substance containing cocaine base is required to trigger the minimum sentence. 21 U.S.C. § 841(b)(1)(A) (Effective: Aug. 3, 2010). Any violation involving between 28 and 279 grams of a mixture or substance containing cocaine base results in a mandatory minimum sentence of five years, or a minimum of ten if the violation is committed following a conviction for another drug felony. *Id.* at § 841(b)(1)(B). The FSA did not apply retroactively to defendants who were sentenced before the statute was enacted. *United States v. Tillman*, 511 F. App'x 519 , 521 (6th Cir. 2013) (citing *Dorsey v. United States*, 567 U.S. 260 (2012)).

The United States Sentencing Commission subsequently adopted Amendment 750, which lowered crack cocaine penalties consistent with the FSA. Although Amendment 750 applied retroactively, it provided no relief to defendants like Smith, whose sentences were based on a statutory minimum term rather than a guideline calculation.

The First Step Act ("the 2018 Act") was signed into law on December 21, 2018. Pub. L. 115-391, 132 Stat. 5194. As relevant here, Section 404 of the 2018 Act allows courts to reduce defendants' sentences by applying the FSA retroactively. However, the Court is not required to reduce sentences of defendants who are eligible for a reduction under the Act.

Had the FSA been in effect when Smith committed the offense at issue, he would have been subject to a mandatory minimum sentence of ten years' imprisonment and a maximum of life. *See* 21 U.S.C. § 841(b)(1)(B)(iii). And if sentenced based on his original guidelines range of 168 to 210 months' imprisonment, Smith would have been eligible for a sentence reduction pursuant to retroactive amendments of the guidelines.

Applying the retroactive guideline amendments, Smith's base offense level, and thus his total offense level, is reduced to 24. *See* U.S.S.G. Amendments 706, 750, 782. This base offense level and Smith's criminal history category of IV produces a new guidelines range of 77 to 96 months. However, where a statutorily-required minimum sentence is greater than the maximum of the applicable range, the statutorily required sentence becomes the guideline sentence. U.S.S.G. § 5G1.1(b). Accordingly, Smith's guideline sentence would be 10 years.

Nevertheless, the district court's decision to modify a sentence under § 3582(c) is discretionary. *See United States v. Washington*, 584 F.3d 693, 699 (6th Cir. 2009). The Court examined the factors under 18 U.S.C. § 3553(a)(2) during Smith's sentencing hearing and explained why a sentence of 20 years' imprisonment would be sufficient but not greater than necessary in his case. First, the nature and seriousness of Smith's offense warrant a lengthy prison sentence. The offense involved a large-scale crack cocaine distribution operation in Harlan, Kentucky. The conspiracy involved six individuals and Smith was determined to be a

manager or supervisor. The group transported crack cocaine from Chicago and distributed it the Harlan, Kentucky area, causing substantial harm to the community.

Second, a sentence of 20 years' imprisonment was necessary, not only to deter others from engaging in similar conduct, but to protect the public from future crimes of this defendant. Defendant Smith's risk for recidivism is high. Based on statistical information compiled by the Sentencing Commission, the re-arrest rate for individuals with seven criminal history points is 71.1 percent, while the re-arrest rate for defendants in Criminal History Category IV is 74.4 percent.[1] Based on the nature of the defendant's criminal history (manufacture/deliver cocaine at age 20; soliciting narcotic sales on a public street on two separate occasions at age 22; and escape and resisting an officer at age 23), there is a significant risk that, when released, he will re-offend in a way that endangers the public. This risk can be mitigated by requiring Smith to serve his full sentence.

Defendant Smith has filed a variety of documents in support of his motion for a sentence reduction. [Record No. 193] These materials include letters from Smith's mother and adult children, who indicate they are eager to cultivate relationships with the defendant following his release. Smith also has obtained GED and has participated in numerous other educational and vocational programs. The Court commends the defendant for his accomplishments, which improve his chances of success following release from custody. However, Smith's post-sentencing conduct does not outweigh the seriousness of his offense or the need to protect the public from future crimes, notwithstanding steps toward rehabilitation.

---

[1] https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20170309_Recidivism-CH.pdf (last accessed March 1, 2019).

Accordingly, it is hereby

**ORDERED** that Defendant Smith's motion for a sentence reduction pursuant to the First Step Act of 2018 [Record No. 190] is **DENIED**.

Dated: March 1, 2019.

Signed By:
*Danny C. Reeves*
United States District Judge