UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 06-021-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MARTY LANDON SMITH, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Marty Landon Smith pleaded guilty to conspiring to distribute more than 50 grams of cocaine base and was sentenced to 240 months' imprisonment in March 2007. Approximately twelve years later, Smith filed a *pro se* motion to reduce his sentence pursuant to section 404 of the First Step Act of 2018. [Record No. 190] This Court denied Smith's motion, but the United States Court of Appeals for the Sixth Circuit vacated that decision and remanded the matter for further proceedings. *United States v. Smith*, 959 F.3d 701 (6th Cir. 2020). The Court has considered the matter, including the parties' sentencing memoranda, and will reduce Smith's sentence to time served.

Section 404 of the First Step Act allows a district court to reduce an eligible defendant's sentence "as if sections 2 and 3 of the Fair Sentencing Act of 2010 [("FSA")] were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194 (2018). At the time of Smith's original sentencing, he was subject to a mandatory minimum term of 20 years' imprisonment. *See* 21 U.S.C. § 841(b)(1)(A) (effective July 27, 2006 to Apr. 14, 2009). Although his advisory guidelines range under the United States Sentencing Guidelines

was 168 to 210 months' imprisonment, it became 240 months because the statutorily-required minimum sentence was higher than the maximum of the guidelines range. *See* U.S.S.G. § 5G1.1(b). The Court imposed the statutory minimum sentence of 240 months.

The Fair Sentencing Act reduced the statutory minimum sentence for Smith's crime of conviction to 10 years' imprisonment. *See* 21 U.S.C. § 841(b)(1)(B) (effective Aug. 3, 2010). And if his advisory guidelines range were calculated using the 2018 version of the Sentencing Guidelines, the resulting range would be 77 to 96 months. However, because the statutory minimum is higher than the maximum of the guidelines range, the applicable guidelines range becomes 120 months. *See* U.S.S.G. § 5G1.1(b).

In determining whether a sentence reduction is appropriate, the court considers the factors outlined in 18 U.S.C. § 3553(a), including the defendant's amended sentencing guidelines range and any relevant post-sentencing conduct. *See United States v. Flowers*, 963 F.3d 492 (6th Cir. 2020); *United States v. Allen*, 956 F.3d 355, 358 (6th Cir. 2020). The Court must ensure that the sentence is "sufficient but not greater than necessary to achieve the purposes of sentencing." *Flowers*, 963 F.3d at 498. As this Court has previously explained, the § 3553(a) factors support a lengthy sentence. Smith was a leader in a large-scale cocaine base distribution operation that transported controlled substances from Chicago to eastern Kentucky, causing significant harm to the community. Additionally, as the Court has explained, Smith's risk of recidivism is high and a substantial sentence is needed to deter him and others who might be inclined to engage in similar conduct. That conclusion has not changed.

Notwithstanding these considerations, the parties agree that Smith's sentence should be reduced to time served. The Court previously acknowledged that Smith does have positive

factors for consideration, such as the support of his mother and adult children and the attainment of his GED while in custody.  Smith's attorney also reports that he has had only two minor conduct infractions while in Bureau of Prisons custody.  Additionally, he was assigned to a BOP prison camp, which is indicative of good behavior.  In short, Smith has served more than 14 years imprisonment,[1] which is a substantial term that is minimally sufficient but certainly not greater than necessary to achieve the purposes of sentencing.

Smith also asks the Court to reduce his term of supervised release to eight years. However, the Court finds that the originally-imposed term of ten years is necessary to assist Smith as he reintegrates into society and to monitor his conduct to prevent recurrence of criminal activity.  Based on the foregoing, it is hereby

**ORDERED** as follows:

1.      The resentencing hearing scheduled for September 17, 2020, is **CANCELED**.

2.      The Court's Memorandum Opinion and Order of March 4, 2019 [Record No. 194] is **SET ASIDE**.

3.      Defendant Marty Landon Smith's original sentence of 240 months of imprisonment is reduced to time served.  All other provisions of the Judgment previously entered shall remain unchanged.

4.      An Amended Judgment shall be prepared and entered forthwith.

---

[1]      Smith contends that he will have served 176 months as of September 17, 2020.  [Record No. 203, p. 2]  The United States reports that Smith has served approximately 223 months' imprisonment.  [Record No. 204, p. 2]  The Presentence Investigation Report indicates that Smith was detained since his January 18, 2006 arrest, which corresponds with the defendant's calculation of time spent in custody.

Dated:  September 1, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky